## Forist v. Androscoggin R. I. Co.

Prior to the statute of 1872, chapter 48, a remedy by action on the case for an injury to real estate did not survive in favor of an administrator.

To sustain an action on the case by an administrator for an injury to real estate after the death of his intestate, the facts on which his right to sue depends must be stated in the declaration.

Case, by M. C. Forist against the Androscoggin River Improvement Company. The plaintiff sues as administrator of the estate of Richard Perkins: in a plea of the case for that the said Richard Perkins, in his lifetime, and ever since May 1, A. D. 1860, was lawfully seized and possessed of a tract of meadow land in said Dummer, containing thirty acres, situate on the west side of the Androscoggin river, and being a part of lot No. 229 of the lots in said Dummer, all of which the said defendants were well knowing; but the said defendants, minding and

contriving to injure the said Perkins in his lifetime, and his said estate since his decease, and deprive him and his heirs and assigns of the benefit of said meadow land, hath, ever since the said May 1, A. D. 1860, maintained and kept up and continued a mill-dam·in Erroll, in said county of Coös, across the Androscoggin river, and by means thereof caused the water of said river to overflow and drown the meadow land aforesaid ever since said May 1, A. D. 1860, whereby the grass and other crops belonging to the said Perkins, in his lifetime, and. to his heirs and assigns since his decease, growing in his and their meadow aforesaid, within the time aforesaid, and of the value of three hundred dollars, have been made worse, damnified, and destroyed, and his and their meadow land aforesaid is become spongy, rotten, and impassable; and the said Perkins has also, during the time aforesaid, in his lifetime, and the said administrator in his said capacity for said heirs and assigns, since his decease, thereby been prevented from clearing the said meadow and putting in crops.

To this declaration the defendants filed a general demurrer, which the court sustained. The plaintiff excepted.

Case reserved.

*A. S. Twitchell*, with whom were *Ray & Drew* and *G. A. Bingham*, for the plaintiff.

*Fletcher & Heywood*, and *Burns & Heywood*, for the defendants.

BELLOWS, C. J.   The remedy for the injury to the land does not, at common law, survive to the administrator. 1 Saund. 217, note *a;* 1 Bouv. Law Dict. 64, 65, and cases cited; *Holmes* v. *Moore*, 5 Pick. 257 ; *Vittum* v. *Gilman*, 48 N. H. 416.

The rules of the common law have been changed by statute, both in England and in this State, but not so as to reach a case like this.

By the statute of 4 Edw. 3, ch. 7, *de bonis asportatis in vita testatoris*, a remedy was given to executors by action of trespass for injuries to the goods of the testator in his lifetime; and, by an equitable construction of that statute, it was held applicable to injuries to personal estate other than trespasses; but it was held not to extend to injuries to the person or to real estate. See the cases above cited.

The statute of 3 and 4 W. 4, ch. 4, sec. 2, gave a remedy to executors for injuries done in the lifetime of the testator to his real estate; but, of course, this statute is not in force here.

Our own statute, which saves actions of trespass to real estate, together with real actions and actions of ejectment, does not extend to this case. Gen. Stats., ch. 207, sec. 11.

There seems to be no good reason for this distinction, but the legislature have seen fit to save actions of' trover and trespass by name, and there is nothing that indicates the use of the term trespass to denote any injury to real estate other than what is a trespass in form. Until, then, the legislature have used terms which fairly comprehend injuries

which are the subjects of actions on the case, the courts cannot construe the enactment so as to hold that this cause of action survives.

The administrator also sues for injuries to the intestate's real estate, caused by a continuance of the same mill-dam, and relies upon Gen. Stats., ch. 179, sec. 19; but he fails to allege any title to the land in the administrator, or any right to sue; on the contrary, he alleges the injury to be to the heirs and assigns of the deceased. It is very clear, we think, that it should appear in the declaration that the plaintiff, as such administrator, has a right to sue, as he would have if the intestate died seized and the estate was insolvent, and the administration not closed. But nothing of this kind is alleged; and, for aught that appears, the property has descended to the heirs, and they alone can sue. The statute of 1872, chapter 48, does not apply to pending suits, and cannot save this case.          *Demurrer sustained.*